## Fine v. Fine et al.

*Harry R. Back,* for plaintiff.
*Elihu A. Greenhouse,* for defendants.

SMITH, P. J., March 29, 1951.—This matter comes before the court on plaintiff's rule of February 20, 1951, to show cause as to whether decree of this court should not be amended to include additional items.

Plaintiff had filed a bill in equity on June 3, 1949, claiming from defendants certain household goods, furniture and furnishings, together with certain articles of personal property such as jewelry, professional instruments, and drawings, which he claimed had been taken from the dwelling place formerly occupied by plaintiff and his wife, Esther Fine. Attached to the bill in equity was a list of the furniture and furnishings as well as articles of personal property in a paper known as exhibit A. After a hearing on the merits of the bill, the chancellor, Alessandroni, J., on April 12, 1950, entered a decree nisi. In this decree the chan-

cellor ordered and directed defendants to turn over and deliver possession to plaintiff of all articles of furniture and furnishings enumerated in plaintiff's exhibit, known as exhibits 1 to 41, inclusive. In exhibits 1 to 41, inclusive, there were omitted two shower curtains, one kitchen vegetable container, two silverplate scones, one gold watch band and watch, one pair pajamas, two dozen socks, 25 handkerchiefs, 6 pair underwear, Pennsylvania professional licensure card and personal check record book. The findings of fact, conclusions of law, and decree nisi of this court were sustained by the court en banc on July 14, 1950. An appeal was taken from the decree of this court and on January 2, 1951, the Supreme Court sustained the finding of the court below.

A petition to amend the decree so as to include the jewelry, licensure card, and wearing apparel was not filed until February 20, 1951, or 10 months after the decree nisi had been filed, and seven months after the final decree of the court was entered. No exceptions were taken by plaintiff to the decree nisi or to the final decree of this court, nor was the question raised upon appeal to the Supreme Court. At the time that the court ordered the 41 articles to be turned over to plaintiff, plaintiff failed by inadvertence to add to the list of the 41 exhibits the articles of personal property which he now claims. If the learned chancellor was in error, it was due to some degree to the fact that plaintiff failed to emphasize the articles which he now claims or to file exceptions to the decree nisi. While it appears from a reading of the record that the articles mentioned in plaintiff's petition are included in the articles contained in exhibit A of the bill in equity, the court feels that this motion to amend is too late and that plaintiff is tardy in asking the court to exercise now its discretion. The decree of this court stands as a matter of record. While there is no term time in equity,

yet it appears that plaintiff should have acted before the matter was finally disposed of by the Supreme Court. Our equity rules providing for a decree nisi, exceptions, and final decree contemplate finality apart from term rules in all cases where the nature of the decree calls for finality: Ladner v. Siegel, 298 Pa. 487, 494. Equity Rule 78 permits rehearing but it must be requested before the time for an appeal expires: Ladner v. Siegel, supra. It naturally follows that if a rehearing cannot be had after the time for a rehearing has expired, we see no reason to open now a decree of this court and to allow any amendment to be made thereto. The case is closed. For this reason the motion is discharged.

### Order

And now, to wit, March 29, 1951, plaintiff's petition to amend decree is dismissed.